IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

WEBROOT, INC. and OPEN TEXT INC.,

               Plaintiffs,               Civil Action No.: 6:22-cv-00243

vs.

AO KASPERSKY LAB,

               Defendant.

## **ANSWER AND COUNTERCLAIMS**

Defendant AO Kaspersky Lab ("Kaspersky") hereby answers the Complaint filed by Plaintiffs Webroot, Inc. ("Webroot") and Open Text Inc. ("OpenText") as follows:

1.     Kaspersky admits that the patents asserted by Webroot in this matter relate generally to cybersecurity.  Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 and on that basis denies each and every remaining allegation contained therein.

2.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 and on that basis denies each and every allegation contained therein.

3.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and on that basis denies each and every allegation contained therein.

4.      Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and on that basis denies each and every allegation contained therein.

5.      Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 and on that basis denies each and every allegation contained therein.

6.      Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and on that basis denies each and every allegation contained therein.

7.      Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and on that basis denies each and every allegation contained therein.

8.      Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and on that basis denies each and every allegation contained therein.

9.      Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and on that basis denies each and every allegation contained therein.

10.      Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and on that basis denies each and every allegation contained therein.

11.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and on that basis denies each and every allegation contained therein.

12.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and on that basis denies each and every allegation contained therein.

13.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and on that basis denies each and every allegation contained therein.

14.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 and on that basis denies each and every allegation contained therein.

15.     The allegations of Paragraph 15 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 and on that basis denies each and every allegation contained therein.

16.     The allegations of Paragraph 16 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 and on that basis denies each and every allegation contained therein.

**NATURE OF THE CASE**

17.     The allegations of Paragraph 17 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and on that basis denies each and every allegation contained therein.

**THE PARTIES**

18.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and on that basis denies each and every allegation contained therein.

19.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 and on that basis denies each and every allegation contained therein.

20.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and on that basis denies each and every allegation contained therein.

21.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and on that basis denies each and every allegation contained therein.

22.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 and on that basis denies each and every allegation contained therein.

23.     Kaspersky denies that the address for its principal place of business is stated properly.  Kaspersky admits the remaining allegations of Paragraph 23.

## **JURISDICTION & VENUE**

24.     The allegations of Paragraph 24 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies each and every allegation contained therein.

25.     The allegations of Paragraph 25 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 25.

26.     The allegations of Paragraph 26 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 26.

27.     The allegations of Paragraph 27 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 27.

28.     Kaspersky admits that it is identified as the copyright holder of the webpage identified in Paragraph 28.  Kaspersky denies the remaining allegations of Paragraph 28.

29.     Kaspersky denies the allegations set forth in Paragraph 29.

30.     Kaspersky admits that it contracts with Microsoft for data center services in the United States.  Kaspersky denies the remaining allegations set forth in Paragraph 30.

31.     Kaspersky admits the allegations of Paragraph 31.

32.     Kaspersky admits the allegations of Paragraph 32.

33.     Kaspersky admits that a portion of one of its end user license agreements is shown in Paragraph 33. Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 (including, e.g., what is meant by "other" license agreements) and on that basis denies each and every allegation contained therein.

34.     Kaspersky admits that a portion of one of its end user license agreements is shown in Paragraph 34.  The remaining allegations of Paragraph 34 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 34.

35.     The allegations of Paragraph 35 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 35.

36.     Kaspersky admits that a portion of one of its end user license agreements is shown in Paragraph 36.  The remaining allegations of Paragraph 36 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 36.

37.     Kaspersky admits that a portion of one of its end user license agreements is shown in Paragraph 37.  The remaining allegations of Paragraph 37 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 37.

38.     Kaspersky admits that a portion of one of its end user license agreements is shown in Paragraph 38.  The remaining allegations of Paragraph 38 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 38.

39.    The allegations of Paragraph 39 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 39.

40.    The allegations of Paragraph 40 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 40.

41.    The allegations of Paragraph 41 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 41.

42.    The allegations of Paragraph 42 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 42.

43.    The allegations of Paragraph 43 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 43.

## **PLAINTIFFS' PATENTED INNOVATIONS**

44.    Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 and on that basis denies each and every allegation contained therein.

45.    Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 and on that basis denies each and every allegation contained therein.

Advanced Malware Detection Patents
U.S. Patent Nos. 8,418,250 and 8,726,389

46.      Kaspersky lacks knowledge or information sufficient to form a belief as to the
truth of the allegations set forth in Paragraph 46 and on that basis denies each and every
allegation contained therein.

47.      Kaspersky admits that U.S. Patent No. 8,418,250 ("the '250 patent") is entitled
"Methods and Apparatus for Dealing with Malware" and that the face of the patent document
indicates that the '250 patent issued on April 9, 2013 and that the '250 patent application was
filed on April 9, 2013 claiming priority to Foreign application no. 0513375.6 (GB), filed on June
30, 2005.  Kaspersky further admits that a copy of the '250 patent is included as Exhibit 1 to the
Complaint. The remaining allegations of Paragraph 47 state conclusions of law to which no
answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the
remaining allegations set forth in Paragraph 47.

48.      Kaspersky admits that U.S. Patent No. 8,726,389 ("the '389 patent") is entitled
"Methods and Apparatus for Dealing with Malware" and that the face of the patent document
indicates that the '389 patent issued on May 13, 2014 and that the '250 patent application was
filed on July 8, 2012 claiming priority to Foreign application no. 0513375.6 (GB), filed on June
30, 2005.  Kaspersky further admits that a copy of the '389 patent is included as Exhibit 2 to the
Complaint. The remaining allegations of Paragraph 48 state conclusions of law to which no
answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the
remaining allegations set forth in Paragraph 48.

49.      Kaspersky lacks knowledge or information sufficient to form a belief as to the
truth of the allegations set forth in Paragraph 49 and on that basis denies each and every
allegation contained therein.

50.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 and on that basis denies each and every allegation contained therein.

51.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 and on that basis denies each and every allegation contained therein.

52.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 and on that basis denies each and every allegation contained therein.

53.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 and on that basis denies each and every allegation contained therein.

54.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 and on that basis denies each and every allegation contained therein.

55.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 and on that basis denies each and every allegation contained therein.

56.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 and on that basis denies each and every allegation contained therein.

57.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 and on that basis denies each and every allegation contained therein.

58.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 and on that basis denies each and every allegation contained therein.

59.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 and on that basis denies each and every allegation contained therein.

60.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 and on that basis denies each and every allegation contained therein.

61.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 and on that basis denies each and every allegation contained therein.

62.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 and on that basis denies each and every allegation contained therein.

63.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 and on that basis denies each and every allegation contained therein.

64.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 and on that basis denies each and every allegation contained therein.

65.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 and on that basis denies each and every allegation contained therein.

66.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 and on that basis denies each and every allegation contained therein.

67.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 and on that basis denies each and every allegation contained therein.

Forensic Visibility Patents
U.S. Patent No. 9,578,045 and U.S. Patent 10,257,224

68.     The allegations of Paragraph 68 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 and on that basis denies each and every allegation contained therein.

69.     Kaspersky admits that U.S. Patent No. 9,578,045 ("the '045 patent") is entitled "Methods and Apparatus for Providing Forensic Visibility into Systems and Networks" and that the face of the patent document indicates that the '045 patent issued on February 21, 2017 and that the '045 patent application was filed on May 5, 2014 claiming priority to provisional patent application no. 61/819,470 filed on May 3, 2013.  Kaspersky further admits that a copy of the '045 patent is included as Exhibit C to the Complaint. The remaining allegations of Paragraph 69

state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 69.

70.     Kaspersky admits that U.S. Patent No. 10,257,224 ("the '224 patent") is entitled "Methods and Apparatus for Providing Forensic Visibility into Systems and Networks" and that the face of the patent document indicates that the '224 patent issued on April 9, 2019 and that the '224 patent application was filed on February 20, 2017 claiming priority to provisional patent application no. 61/819,470 filed on May 3, 2013.  Kaspersky further admits that a copy of the '224 patent is included as Exhibit 4 to the Complaint. The remaining allegations of Paragraph 70 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 70.

71.     The allegations of Paragraph 71 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 and on that basis denies each and every allegation contained therein.

72.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 and on that basis denies each and every allegation contained therein.

73.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 and on that basis denies each and every allegation contained therein.

74.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 and on that basis denies each and every allegation contained therein.

75.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 and on that basis denies each and every allegation contained therein.

76.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 and on that basis denies each and every allegation contained therein.

77.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 and on that basis denies each and every allegation contained therein.

78.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 and on that basis denies each and every allegation contained therein.

79.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 and on that basis denies each and every allegation contained therein.

80.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 and on that basis denies each and every allegation contained therein.

81.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 and on that basis denies each and every allegation contained therein.

<u>U.S. Patent No. 10,284,591</u>

82.     Kaspersky admits that U.S. Patent No. 10,284,591 ("the '591 patent") is entitled "Detecting and Preventing Execution of Software Exploits" and that the face of the patent document indicates that the '591 patent issued on May 7, 2019 and that the '591 patent application was filed on January 27, 2015 claiming priority to provisional patent application no. 61/931,772 filed on January 27, 2014.  Kaspersky further admits that a copy of the '591 patent is included as Exhibit 5 to the Complaint. The remaining allegations of Paragraph 82 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 82.

83.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 and on that basis denies each and every allegation contained therein.

84.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 and on that basis denies each and every allegation contained therein.

85.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 and on that basis denies each and every allegation contained therein.

86.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 and on that basis denies each and every allegation contained therein.

U.S. Patent No. 10,599,844

87.     Kaspersky admits that U.S. Patent No. 10,599,844 ("the '844 patent") is entitled

"Automatic Threat Detection of Executable Files Based on Static Data Analysis" and that the

face of the patent document indicates that the '844 patent issued on March 24, 2020 and that the

'844 patent application was filed on May 12, 2015.  Kaspersky further admits that a copy of the

'844 patent is included as Exhibit 6 to the Complaint. The remaining allegations of Paragraph 87

state conclusions of law to which no answer is necessary.  To the extent that an answer is

deemed necessary, Kaspersky denies the remaining allegations set forth in Paragraph 87.

88.     Kaspersky lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 88 and on that basis denies each and every

allegation contained therein.

89.     Kaspersky lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 89 and on that basis denies each and every

allegation contained therein.

90.     Kaspersky lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 90 and on that basis denies each and every

allegation contained therein.

91.     Kaspersky lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 91 and on that basis denies each and every

allegation contained therein.

92.     Kaspersky lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 92 and on that basis denies each and every

allegation contained therein.

93.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 and on that basis denies each and every allegation contained therein.

94.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 and on that basis denies each and every allegation contained therein.

95.     Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 and on that basis denies each and every allegation contained therein.

## ACCUSED PRODUCTS

96.     The allegations of Paragraph 96 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 96.

97.     Kaspersky admits that Paragraph 97 contains statements from the identified Kaspersky website.  Kaspersky denies the remaining allegations set forth in Paragraph 97.

98.     Kaspersky admits that Paragraph 98 contains statements from the identified Kaspersky website.  Kaspersky denies the remaining allegations set forth in Paragraph 98.

99.     Kaspersky admits that Paragraph 99 contains statements from the identified Kaspersky website.  Kaspersky denies the remaining allegations set forth in Paragraph 99.

100.    Kaspersky admits that Paragraph 100 contains statements from the identified Kaspersky website.  Kaspersky denies the remaining allegations set forth in Paragraph 100.

101.    Kaspersky admits that Paragraph 101 contains statements from the identified Kaspersky website.  Kaspersky denies the remaining allegations set forth in Paragraph 101.

102.    Kaspersky admits that Paragraph 102 contains statements from the identified
Kaspersky website.  Kaspersky denies the remaining allegations set forth in Paragraph 102.

103.    Kaspersky denies the allegations of Paragraph 103.

**FIRST CAUSE OF ACTION**
**(INFRINGEMENT OF THE '250 PATENT)**

104.    Kaspersky incorporates by reference its responses to the allegations of paragraphs
1-103 of the Complaint.

105.    The allegations of Paragraph 105 state conclusions of law to which no answer is
necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations
set forth in Paragraph 105.

106.    Kaspersky admits the allegations of Paragraph 106.

107.    The allegations of Paragraph 107 state conclusions of law to which no answer is
necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations
set forth in Paragraph 107.

108.    The allegations of Paragraph 108 state conclusions of law to which no answer is
necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations
set forth in Paragraph 108.

109.    The allegations of Paragraph 109 state conclusions of law to which no answer is
necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations
set forth in Paragraph 109.

110.    The allegations of Paragraph 110 state conclusions of law to which no answer is
necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations
set forth in Paragraph 110.

111.    The allegations of Paragraph 111 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 111.

112.    The allegations of Paragraph 112 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 112.

113.    The allegations of Paragraph 113 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 113.

114.    The allegations of Paragraph 114 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 114.

115.    The allegations of Paragraph 115 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 and on that basis denies each and every allegation contained therein.

116.    The allegations of Paragraph 116 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 116.

117.    The allegations of Paragraph 117 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 117.

118.     The allegations of Paragraph 118 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 118.

119.     The allegations of Paragraph 119 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 119.

120.     The allegations of Paragraph 120 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 120.

121.     The allegations of Paragraph 121 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 121.

122.     The allegations of Paragraph 122 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 122.

123.     The allegations of Paragraph 123 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 123.

124.     The allegations of Paragraph 124 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 124.

125.    The allegations of Paragraph 125 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 125.

126.    The allegations of Paragraph 126 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 126.

127.    The allegations of Paragraph 127 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 127.

128.    The allegations of Paragraph 128 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 128.

129.    The allegations of Paragraph 129 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 129.

## SECOND CAUSE OF ACTION
## (INFRINGEMENT OF THE '389 PATENT)

130.    Kaspersky incorporates by reference its responses to the allegations of paragraphs 1-129 of the Complaint.

131.    The allegations of Paragraph 131 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 131.

132.    Kaspersky admits the allegations of Paragraph 132.

133.     The allegations of Paragraph 133 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 133.

134.     The allegations of Paragraph 134 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 134.

135.     The allegations of Paragraph 135 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 135.

136.     The allegations of Paragraph 136 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 136.

137.     The allegations of Paragraph 137 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 137.

138.     The allegations of Paragraph 138 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 138.

139.     The allegations of Paragraph 139 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 139.

140.    The allegations of Paragraph 140 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 140.

141.    The allegations of Paragraph 141 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 141.

142.    The allegations of Paragraph 142 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 142.

143.    The allegations of Paragraph 143 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 143.

144.    The allegations of Paragraph 144 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 and on that basis denies each and every allegation contained therein.

145.    The allegations of Paragraph 145 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 145.

146.    The allegations of Paragraph 146 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 146.

147.    The allegations of Paragraph 147 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 147.

148.    The allegations of Paragraph 148 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 148.

149.    The allegations of Paragraph 149 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 149.

150.    The allegations of Paragraph 150 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 150.

151.    The allegations of Paragraph 151 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 151.

152.    The allegations of Paragraph 152 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 152.

153.    The allegations of Paragraph 153 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 153.

154.    The allegations of Paragraph 154 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 154.

155.    The allegations of Paragraph 155 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 155.

156.    The allegations of Paragraph 156 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 156.

157.    The allegations of Paragraph 157 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 157.

158.    The allegations of Paragraph 158 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 158.

### THIRD CAUSE OF ACTION
### (INFRINGEMENT OF THE '045 PATENT)

159.    Kaspersky incorporates by reference its responses to the allegations of paragraphs 1-158 of the Complaint.

160.    The allegations of Paragraph 160 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 160.

161.    Kaspersky admits the allegations set forth in Paragraph 161.

162.    The allegations of Paragraph 162 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 162.

163.    The allegations of Paragraph 163 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 163.

164.    The allegations of Paragraph 164 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 164.

165.    The allegations of Paragraph 165 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 165.

166.    The allegations of Paragraph 166 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 166.

167.    The allegations of Paragraph 167 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 167.

168.    The allegations of Paragraph 168 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 168.

169.    The allegations of Paragraph 169 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 169.

170.    The allegations of Paragraph 170 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 170.

171.    The allegations of Paragraph 171 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 171.

172.    The allegations of Paragraph 172 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 172 and on that basis denies each and every allegation contained therein.

173.    The allegations of Paragraph 173 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 173.

174.    The allegations of Paragraph 174 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 174.

175.    The allegations of Paragraph 175 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 175.

176.     The allegations of Paragraph 176 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 176.

177.     The allegations of Paragraph 177 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 177.

178.     The allegations of Paragraph 178 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 178.

179.     The allegations of Paragraph 179 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 179.

180.     The allegations of Paragraph 180 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 180.

181.     The allegations of Paragraph 181 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 181.

182.     The allegations of Paragraph 182 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 182.

183.     The allegations of Paragraph 183 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 183.

184.     The allegations of Paragraph 184 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 184.

185.     The allegations of Paragraph 185 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 185.

186.     The allegations of Paragraph 186 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 186.

## FOURTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '224 PATENT)

187.     Kaspersky incorporates by reference its responses to the allegations of paragraphs 1-186 of the Complaint.

188.     The allegations of Paragraph 188 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 188.

189.     Kaspersky admits the allegations set forth in Paragraph 189.

190.     The allegations of Paragraph 190 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 190.

191.    The allegations of Paragraph 191 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 191.

192.    The allegations of Paragraph 192 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 192.

193.    The allegations of Paragraph 193 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 193.

194.    The allegations of Paragraph 194 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 194.

195.    The allegations of Paragraph 195 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 195.

196.    The allegations of Paragraph 196 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 196.

197.    The allegations of Paragraph 197 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 197.

198.    The allegations of Paragraph 198 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 198.

199.    The allegations of Paragraph 199 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 199.

200.    The allegations of Paragraph 200 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 200.

201.    The allegations of Paragraph 201 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 201 and on that basis denies each and every allegation contained therein.

202.    The allegations of Paragraph 202 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 202.

203.    The allegations of Paragraph 203 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 203.

204.    The allegations of Paragraph 204 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 204.

205.     The allegations of Paragraph 205 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 205.

206.     The allegations of Paragraph 206 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 206.

207.     The allegations of Paragraph 207 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 207.

208.     The allegations of Paragraph 208 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 208.

209.     The allegations of Paragraph 209 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 209.

210.     The allegations of Paragraph 210 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 210.

211.     The allegations of Paragraph 211 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 211.

212.     The allegations of Paragraph 212 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 212.

213.     The allegations of Paragraph 213 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 213.

**FIFTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE ′591 PATENT)**

214.     Kaspersky incorporates by reference its responses to the allegations of paragraphs 1-213 of the Complaint.

215.     The allegations of Paragraph 215 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 215.

216.     Kaspersky admits the allegations set forth in Paragraph 216.

217.     The allegations of Paragraph 217 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 217.

218.     The allegations of Paragraph 218 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 218.

219.     The allegations of Paragraph 219 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 219.

220.    The allegations of Paragraph 220 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 220.

221.    The allegations of Paragraph 221 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 221.

222.    The allegations of Paragraph 222 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 222.

223.    The allegations of Paragraph 223 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 223.

224.    The allegations of Paragraph 224 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 224.

225.    The allegations of Paragraph 225 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 225.

226.    The allegations of Paragraph 226 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 226.

227.     The allegations of Paragraph 227 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 227.

228.     The allegations of Paragraph 228 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 228.

229.     The allegations of Paragraph 229 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 229.

230.     The allegations of Paragraph 230 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 230.

231.     The allegations of Paragraph 231 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 231.

232.     The allegations of Paragraph 232 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 232.

233.     The allegations of Paragraph 233 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 233.

234.    The allegations of Paragraph 234 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 234.

235.    The allegations of Paragraph 235 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 235.

236.    The allegations of Paragraph 236 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 236.

237.    The allegations of Paragraph 237 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 237.

238.    The allegations of Paragraph 238 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 238.

239.    The allegations of Paragraph 239 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 239.

240.    The allegations of Paragraph 240 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 240.

241.    The allegations of Paragraph 241 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 241.

242.    The allegations of Paragraph 242 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 242.

243.    The allegations of Paragraph 243 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 243.

244.    The allegations of Paragraph 244 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 244.

**SIXTH CAUSE OF ACTION**
**(INFRINGEMENT OF THE '844 PATENT)**

245.    Kaspersky incorporates by reference its responses to the allegations of paragraphs 1-244 of the Complaint.

246.    The allegations of Paragraph 246 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 246.

247.    Kaspersky admits the allegations set forth in Paragraph 247.

248.    The allegations of Paragraph 248 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 248.

249.     The allegations of Paragraph 249 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 249.

250.     The allegations of Paragraph 250 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 250.

251.     The allegations of Paragraph 251 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 251.

252.     The allegations of Paragraph 252 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 252.

253.     The allegations of Paragraph 253 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 253.

254.     The allegations of Paragraph 254 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 254.

255.     The allegations of Paragraph 255 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 255 and on that basis denies each and every allegation contained therein.

256.    The allegations of Paragraph 256 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 256.

257.    The allegations of Paragraph 257 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 257.

258.    The allegations of Paragraph 258 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 258.

259.    The allegations of Paragraph 259 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 259.

260.    The allegations of Paragraph 260 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 260.

261.    The allegations of Paragraph 261 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 261.

262.    The allegations of Paragraph 262 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 262.

263.     The allegations of Paragraph 263 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 263.

264.     The allegations of Paragraph 264 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 264.

265.     The allegations of Paragraph 265 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 265.

266.     The allegations of Paragraph 266 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 266.

267.     The allegations of Paragraph 267 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 267.

268.     The allegations of Paragraph 268 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 268.

269.     The allegations of Paragraph 269 state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Kaspersky denies the allegations set forth in Paragraph 269.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

To the extent a response is required, Kaspersky denies that Plaintiffs are entitled to any relief sought in their Prayer For Relief and denies that Plaintiffs are entitled to any relief whatsoever.

## RESPONSE TO PLAINTIFFS' JURY DEMAND

To the extent a response is required, Kaspersky admits that the Complaint contains a request for a jury trial.

## GENERAL DENIAL

Except as specifically admitted herein, Kaspersky denies all allegations in Webroot and OpenText's Complaint.

## AFFIRMATIVE DEFENSES

Kaspersky asserts the following affirmative defenses and reserves the right to raise additional defenses.  In asserting these defenses, Kaspersky does not assume the burden of proof for any issue with respect to which Webroot and OpenText bear the burden of proof.

### FIRST DEFENSE
### (Non-Infringement)

Neither Kaspersky nor any Kaspersky products infringe any valid claim of the '250 patent, '389 patent, '045 patent, '224 patent, '591 patent, or the '844 patent (collectively, "the Asserted Patents") either literally or under the doctrine of equivalents.

### SECOND DEFENSE
### (Invalidity)

The Asserted Patents are invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and other applicable statutory provisions.

**THIRD DEFENSE**
**(Prosecution History Estoppel / Prosecution Disclaimer)**

Webroot and OpenText's claims are barred in whole or in part by the doctrines of

prosecution history estoppel and/or prosecution disclaimer.

**FOURTH DEFENSE**
**(Ensnarement)**

Webroot and OpenText's claims are barred or limited by the doctrine of ensnarement.

**FIFTH DEFENSE**
**(No Post-Suit Willful Infringement)**

Webroot and OpenText's claims for post-suit willful infringement are barred because

willful infringement cannot be based only on knowledge of the patents gained from filing of the

Complaint.

**SIXTH DEFENSE**
**(Disclosure Dedication Defense)**

By reason of proceedings in the United States Patent & Trademark Office, and by reasons

of amendments, statements, admissions, omissions, and/or representations made by the

applicants or on their behalf, Webroot and OpenText are estopped from asserting infringement of

the Asserted Patents.

**SEVENTH DEFENSE**
**(Adequate Remedy At Law)**

Webroot and OpenText's claims for injunctive relief are barred because Webroot and

OpenText have adequate remedies at law, and Webroot and OpenText cannot establish the

necessary elements to be entitled to injunctive relief.

### EIGHTH DEFENSE
### (Limitation On Damages)

Webroot and OpenText's claims of damages, if any, against Kaspersky for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### NINTH DEFENSE
### (Territoriality)

To the extent that Webroot and OpenText's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq. including but not limited to § 271(a) and (c).

### TENTH DEFENSE
### (Failure To State A Claim)

Webroot and OpenText's Complaint fails to state a claim upon which relief can be granted.

### ELEVENTH DEFENSE
### (Estoppel, Patent Misuse, & Unclean Hands)

Webroot and OpenText's claims against Kaspersky are barred, in whole or in part, by the equitable defenses of estoppel, patent misuse and unclean hands.

### TWELFTH DEFENSE
### (Double Patenting)

One or more of the asserted claims from the Asserted Patents are invalid under the doctrine of statutory double-patenting or the judicially-created doctrine of obviousness-type double patenting.

### RESERVATION OF DEFENSES

Kaspersky reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Law of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and other factual investigation.

## DEMAND FOR JURY TRIAL

Kaspersky demands a jury trial in all triable issues.

## COUNTERCLAIMS

1.       Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Kaspersky

counterclaims against Counter-Defendants Webroot, Inc. (still referred to herein as "Webroot")

and Open Text, Inc. and Open Text Corporation (for purposes of these counterclaims, Open

Text, Inc. and Open Text Corporation are collectively referred to as "OpenText"), Open Text

Corporation being joined pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure,

asserting the following Counterclaims.

### DECLARATORY JUDGMENTS ON ASSERTED PATENTS

2.       These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§

2201 and 2202 and under the patent laws of the United States, 35 U.S.C. § 1 et seq.  There is a

justiciable controversy between the parties regarding whether Webroot and Open Text Inc.'s

Asserted Patents are invalid or infringed by Kaspersky.

3.       This Court has subject matter jurisdiction over these counterclaims under 28

U.S.C. §§ 2201 and 2202.  Personal jurisdiction and venue are proper as a result of Webroot and

Open Text Inc. having availed themselves of this Court to sue Kaspersky.

4.       Webroot and Open Text Inc. have alleged in their complaint that Kaspersky is

selling products and services that infringe Webroot and Open Text Inc.'s Asserted Patents.

5.       The Asserted Patents are invalid for failure to meet the conditions of patentability

specified in 35 U.S.C. §§ 101, 102, 103, 112, and other applicable statutory provisions.

6.        Kaspersky has not infringed, and is not infringing, any valid claim of the

Asserted Patents.

7.     Unless Webroot and Open Text Inc. are enjoined, Kaspersky believes that Webroot and Open Text Inc. will continue to assert that Kaspersky is infringing the Asserted Patents by offering and selling its Kaspersky Total Security, Kaspersky Endpoint Detection and Response, Kaspersky Security Network, Kaspersky Security Center, Threat Intelligence Portal, and Anti-Targeted Attack Platform, and other products and will continue to interfere with Kaspersky's business with respect to such products.

## COUNT ONE – DECLARATION OF NONINFRINGEMENT OF UNITED STATES PATENT NO. 8,418,250

8.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

9.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about whether Kaspersky is liable for infringement of the '250 patent.

10.     Kaspersky has not engaged in and is not engaging in activities that constitute infringement of any valid claim of the '250 patent.

11.     Kaspersky is entitled to a declaration that it does not infringe any valid and enforceable claim of the '250 patent.

## COUNT TWO – DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 8,418,250

12.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

13.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about the validity of the '250 patent.

14. The '250 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, or other applicable statutory provisions.

15. Kaspersky is entitled to a declaration that the '250 patent claims are invalid.

**COUNT THREE – DECLARATION OF NONINFRINGEMENT OF UNITED STATES PATENT NO. 8,726,389**

16. Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

17. There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about whether Kaspersky is liable for infringement of the '389 patent.

18. Kaspersky has not engaged in and is not engaging in activities that constitute infringement of any valid claim of the '389 patent.

19. Kaspersky is entitled to a declaration that it does not infringe any valid and enforceable claim of the '389 patent.

**COUNT FOUR – DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 8,726,389**

20. Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

21. There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about the validity of the '389 patent.

22. The '389 patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, or other applicable statutory provisions.

23. Kaspersky is entitled to a declaration that the '389 patent claims are invalid.

**COUNT FIVE – DECLARATION OF NONINFRINGEMENT OF
UNITED STATES PATENT NO. 9,578,045**

24.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

25.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about whether Kaspersky is liable for infringement of the '045 patent.

26.     Kaspersky has not engaged in and is not engaging in activities that constitute infringement of any valid claim of the '045 patent.

27.     Kaspersky is entitled to a declaration that it does not infringe any valid and enforceable claim of the '045 patent.

**COUNT SIX – DECLARATION OF INVALIDITY OF
UNITED STATES PATENT NO. 9,578,045**

28.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

29.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about the validity of the '045 patent.

30.     The '045 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, or other applicable statutory provisions.

31.     Kaspersky is entitled to a declaration that the '045 patent claims are invalid.

**COUNT SEVEN – DECLARATION OF NONINFRINGEMENT OF
UNITED STATES PATENT NO. 10,257,224**

32.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

33.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about whether Kaspersky is liable for infringement of the '224 patent.

34.     Kaspersky has not engaged in and is not engaging in activities that constitute infringement of any valid claim of the '224 patent.

35.     Kaspersky is entitled to a declaration that it does not infringe any valid and enforceable claim of the '224 patent.

## COUNT EIGHT – DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 10,257,224

36.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

37.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about the validity of the '224 patent.

38.     The '224 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, or other applicable statutory provisions.

39.     Kaspersky is entitled to a declaration that the '224 patent claims are invalid.

## COUNT NINE – DECLARATION OF NONINFRINGEMENT OF UNITED STATES PATENT NO. 10,284,591

40.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

41.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about whether Kaspersky is liable for infringement of the '591 patent.

42.     Kaspersky has not engaged in and is not engaging in activities that constitute infringement of any valid claim of the '591 patent.

43.     Kaspersky is entitled to a declaration that it does not infringe any valid and enforceable claim of the '591 patent.

## COUNT TEN – DECLARATION OF INVALIDITY OF
## UNITED STATES PATENT NO. 10,284,591

44.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

45.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about the validity of the '591 patent.

46.     The '591 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, or other applicable statutory provisions.

47.     Kaspersky is entitled to a declaration that the '591 patent claims are invalid.

## COUNT ELEVEN – DECLARATION OF NONINFRINGEMENT OF
## UNITED STATES PATENT NO. 10,599,844

48.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

49.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about whether Kaspersky is liable for infringement of the '844 patent.

50.     Kaspersky has not engaged in and is not engaging in activities that constitute infringement of any valid claim of the '844 patent.

51.      Kaspersky is entitled to a declaration that it does not infringe any valid and enforceable claim of the '844 patent.

## COUNT TWELVE – DECLARATION OF INVALIDITY OF
## UNITED STATES PATENT NO. 10,599,844

52.     Kaspersky realleges and incorporates by reference the preceding paragraphs as though fully set forth therein.

53.     There is an actual and justiciable controversy between Kaspersky and Webroot and Open Text Inc. about the validity of the '844 patent.

54.     The '844 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, or other applicable statutory provisions.

55.     Kaspersky is entitled to a declaration that the '844 patent claims are invalid.

### PATENT INFRINGEMENT BY WEBROOT & OPENTEXT

### <u>Parties</u>

56.      Counter-Plaintiff AO Kaspersky Lab (still referred to herein as "Kaspersky") is a Russian joint-stock company with its principal place of business at 39A/2 Leningradskoe Shosse Moscow, 125212 Russian Federation.

57.     Webroot is a corporation organized and existing under the laws of Delaware, with its principal place of business at 385 Interlocken Crescent, Suite 800, Broomfield, Colorado 80021.

58.     Open Text Inc. is a corporation organized and existing under the law of the Delaware, with its principal place of business at 2440 Sand Hill Road, Suites 301 & 302, Menlo Park, California 94025.

59.     Open Text Corporation is a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business at 275 Frank Tompa Drive, Waterloo, Ontario.

**Jurisdiction And Venue**

60.     Counter-Plaintiff Kaspersky's counterclaims for patent infringement arise under Title 35 of the United States Code.  This Court has subject matter jurisdiction over Kaspersky's patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338.

61.     This Court has personal jurisdiction over Open Text Inc. and Webroot, *inter alia*, based on filing the Complaint.

62.      This Court has personal jurisdiction over Open Text Corporation, *inter alia*, because it regularly conducts business in the State of Texas and in this District, including operating systems, using software, providing services, and/or engaging in activities in Texas and in this District that infringe one or more claims of the patents asserted by Kaspersky.

63.     Open Text Corporation maintains three offices in the State of Texas, two of which are located in this judicial district, including the Austin and San Antonio office.  *See Open Text Corp. v. Alfresco Software Ltd.*, No. 6:20-cv-00941, Dkt. No. 1, ¶ 9.

64.      Open Text Corporation's Austin office includes employees in engineering, customer support and compliance teams, IT, and corporate development.  *Id.*  This Austin office also hosts one of Open Text Corporation's data centers.  *Id.*

65.     Open Text Corporation's partners, including resellers, distributors, service providers, support partners, and technology partners are located in this judicial district.  *See* https://www.opentext.com/products-and-solutions/partners-and-alliances/partner-directory.

66.     In addition, the Open Text Professional Services Agreement states the agreement is entered into by Open Text Corporation or one of its affiliates and customers.  *See* https://www.opentext.com/file_source/OpenText/en_US/PDF/opentext-psa-pdf.pdf.  Open Text

Corporation has accordingly entered into agreements with customers covering infringing products and/or provided services in Texas and in this District.

67.     Venue is proper in this District as to these Counterclaims against Webroot and Open Text Inc. pursuant to 28 U.S.C. §§ 1391(a)-(c) and 1400(b) because, *inter alia*, Webroot and Open Text, Inc. have submitted to the venue of this Court by filing its Complaint here.

68.     Venue is proper in this District as to these Counterclaims against Open Text Corporation pursuant to 28 U.S.C. §§ 1391(a)-(c) and 1400(b) because, *inter alia*, Open Text Corporation is a foreign corporation and may be sued in any district in the United States, including this District.

### COUNT THIRTEEN – INFRINGEMENT OF U.S. PATENT NO. 7,725,941

69.     Kaspersky incorporates the preceding paragraphs by reference.

70.     U.S. Patent No. 7,725,941 ("the '941 patent," attached hereto as Exhibit 1) duly issued on May 25, 2010 and is entitled "Method And System For Antimalware Scanning With Variable Scan Settings."

71.     The '941 patent has been in full force and effect since its issuance.  Kaspersky is the owner by assignment of the '941 patent and possesses all rights under the '941 Patent, including the exclusive right to recover for past and future infringement.

72.     The '941 patent names Mikhail A. Pavlyushchik as its inventor.

73.     The '941 patent is "related to anti-malware technology, and more particularly, to balancing relatively quick (but less thorough) anti-malware checks with more thorough, but also more time-consuming, anti-malware checks."

74.     The '941 patent further discloses a system and method to check executable files based on whether the executable file is known or not. If the file is known, only a signature check

is performed on it.  If the file is not known, a risk analysis is performed first, and then, based on

the results of the analysis, it can be determined which malware detection algorithms to use.

75.     Webroot and OpenText provide different endpoint products for home and

business, such as Antivirus, Internet Security, that are parts of the SecureAnywhere product line

and Endpoint Protection. These products deliver protection against viruses, spyware, and other

online threats for consumers and corporate clients. There are many different technologies

implemented in Webroot endpoint products, including Webroot Shields and technologies

provided by Webroot Threat Intelligence Platform. *See*

https://www.webroot.com/us/en/home/products/compare.

76.     Webroot and OpenText offer Shield technology that constantly monitors activity

while the user surfs the Internet and works on a computer, protecting the computer from malware

and viruses. Shields run in the background without disrupting the user's work. Webroot security

products include different types of Shields. Some of these Shields are needed to track and

analyze program behavior and to apply heuristics. *Id.*

77.     "The Webroot Threat Intelligence Platform analyzes more than 500 billion data

objects daily, including domains, URLs, IP addresses, file behaviors, and mobile applications.

Our intelligence, powered by 6th generation machine learning, is fed by active and passive

sensors including more than 95 million consumer and business endpoints. All of this

continuously enriches the Webroot Threat Intelligence Platform and allows Webroot to

accurately and effectively protect organizations from sophisticated attacks." *See* https://www-

cdn.webroot.com/4916/0987/5793/Webroot_Threat_Intelligence_Platform_DS.pdf

78.     Webroot and OpenText have infringed and continue to infringe one or more

claims of the '941 patent, literally and/or under the doctrine of equivalents in violation of 35

U.S.C. § 271(a) at least by, without authority, making, using, offering to sell, and/or selling within the United States the '941 Accused Products (defined below).

79.     As illustrated in the claim chart included as Exhibit 2 to these Counterclaims and based upon publicly available information, Webroot and OpenText's Webroot Endpoint products, Webroot Shield technology, and Webroot Threat Intelligence Platform (collectively, "the '941 Accused Products") infringe at least claim 1 of the '941 Patent by meeting literally or under the doctrine of equivalents each limitation of claim 1.  The descriptions in the Exhibit 2 claim chart are preliminary examples and non-limiting.

80.     Kaspersky is informed and believes, and thereon alleges, that Webroot and OpenText directly infringe the '941 patent through their internal usage and testing of the '941 Accused Products.

81.     Kaspersky is informed and believes, and thereon alleges, that Webroot and OpenText actively, knowingly, and intentionally have induced infringement of the '941 patent, by for example, controlling the design and functionality of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding its '941 Accused Products with the knowledge and specific intent to encourage and facilitate infringing uses of such products by its customers.  The claim chart included as Exhibit 2 includes examples of such instructions provided by Webroot and OpenText to its users.

82.     Webroot and OpenText became aware of the '941 patent at least as of the filing date of Kaspersky's Counterclaims on June 28, 2022.

83.     As a result of Webroot and OpenText's infringement of the '941 patent, Kaspersky has been damaged.  Kaspersky is entitled to recover for damages sustained as a result of Webroot and OpenText's wrongful acts in an amount subject to proof at trial.

84.     Webroot and OpenText's infringing acts and practices have caused and are causing irreparable and immediate harm to Kaspersky.

85.     Webroot's and OpenText's infringement of the '941 patent has been knowing and willful since at least the filing of Kaspersky's Counterclaims on June 28, 2022.

## COUNT FOURTEEN – INFRINGEMENT OF U.S. PATENT NO. 7,530,106

86.     Kaspersky incorporates the preceding paragraphs by reference.

87.     U.S. Patent No. 7,530,106 ("the '106 patent," attached hereto as Exhibit 3) duly issued on May 5, 2009 and is entitled "System And Method For Security Rating of Computer Processes."

88.     The '106 patent has been in full force and effect since its issuance.  Kaspersky is the owner by assignment of the '106 patent and possesses all rights under the '106 Patent, including the exclusive right to recover for past and future infringement.

89.      The '106 patent names as its inventors Oleg V. Zaitsev, Nikolay A. Grebennikov, Alexey V. Monastryrsky, and Mikhail A. Pavlyushchik.

90.      The '106 patent is "related to anti-malware technology, and more particularly, to measuring a static and dynamic security rating of processes."

91.     The '106 patent describes a system and method in which a process being evaluated for the presence of malware is scored a certain rating using a special system of rules. Based on this rating, restrictions are imposed on the process.

92.     Webroot and OpenText provide different endpoint products for home and business, such as Antivirus, Internet Security, that are parts of the SecureAnywhere product line and Endpoint Protection. These products deliver protection against viruses, spyware, and other online threats for consumers and corporate clients. There are many different technologies

54

implemented in Webroot endpoint products, including Webroot Shields and technologies

provided by Webroot Threat Intelligence Platform. *See*

https://www.webroot.com/us/en/home/products/compare.

93.     Webroot and OpenText offer Shield technology that constantly monitors activity

while the user surfs the Internet and works on a computer, protecting the computer from malware

and viruses. Shields run in the background without disrupting the user's work. Webroot security

products include different types of Shields. Some of these Shields are needed to track and

analyze program behavior and to apply heuristics. *Id.*

94.     "The Webroot Threat Intelligence Platform analyzes more than 500 billion data

objects daily, including domains, URLs, IP addresses, file behaviors, and mobile applications.

Our intelligence, powered by 6th generation machine learning, is fed by active and passive

sensors including more than 95 million consumer and business endpoints. All of this

continuously enriches the Webroot Threat Intelligence Platform and allows Webroot to

accurately and effectively protect organizations from sophisticated attacks." *See* https://www-

cdn.webroot.com/4916/0987/5793/Webroot_Threat_Intelligence_Platform_DS.pdf

95.     Webroot and OpenText have infringed and continue to infringe one or more

claims of the '106 patent, literally and/or under the doctrine of equivalents in violation of 35

U.S.C. § 271(a) at least by, without authority, making, using, offering to sell, and/or selling

within the United States the '106 Accused Products (defined below).

96.     As illustrated in the claim chart included as Exhibit 4 to these Counterclaims and

based upon publicly available information, Webroot and OpenText's Webroot Endpoint

products, Webroot Shield technology, and Webroot Threat Intelligence Platform (collectively,

"the '106 Accused Products") infringe at least claim 1 of the '106 Patent by meeting literally or

under the doctrine of equivalents each limitation of claim 1.  The descriptions in the Exhibit 4 claim chart are preliminary examples and non-limiting.

97.    Kaspersky is informed and believes, and thereon alleges, that Webroot and OpenText directly infringe the '106 patent through their internal usage and testing of the '106 Accused Products.

98.    Kaspersky is informed and believes, and thereon alleges, that Webroot and OpenText actively, knowingly, and intentionally have induced infringement of the '106 patent, by for example, controlling the design and functionality of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding its '106 Accused Products with the knowledge and specific intent to encourage and facilitate infringing uses of such products by its customers.  The claim chart included as Exhibit 4 includes examples of such instructions provided by Webroot and OpenText to its users.

99.    Webroot became aware of the '106 patent in a Notice of References Cited dated October 20, 2009 during prosecution of its U.S. Patent No. 7,769,992.  Webroot and OpenText accordingly have known about the '106 patent since at least October 20, 2009.

100.    As a result of Webroot and OpenText's infringement of the '106 patent, Kaspersky has been damaged.  Kaspersky is entitled to recover for damages sustained as a result of Webroot and OpenText's wrongful acts in an amount subject to proof at trial.

101.    Webroot and OpenText's infringing acts and practices have caused and are causing irreparable and immediate harm to Kaspersky.

102.    Webroot's and OpenText's infringement of the '106 patent has been knowing and willful since at least October 20, 2009.

**COUNT FIFTEEN – INFRINGEMENT OF**
**U.S. PATENT NO. 8,042,186**

103.     Kaspersky incorporates the preceding paragraphs by reference.

104.     U.S. Patent No. 8,042,186 ("the '186 patent," attached hereto as Exhibit 5) duly issued on October 18, 2011 and is entitled "System And Method For Detection Of Complex Malware."

105.     The '186 patent has been in full force and effect since its issuance.  Kaspersky is the owner by assignment of the '186 patent and possesses all rights under the '186 Patent, including the exclusive right to recover for past and future infringement.

106.     The '186 patent names as its inventors Alexey A. Polyakov, Vladislav V. Martynenko, Yuri G. Slobodyanuk, Denis A. Nazarov, and Mikhail A. Pavlyushchik.

107.     The '186 patent "relates to the field of computer security and, in particular, to systems and methods for computer protection from malware with complex infection patterns."

108.     The '186 patent discloses systems and methods for detection of malware with complex infection patterns. The system provides enhanced protection against malware by identifying potentially harmful software objects, monitoring execution of various processes and threads of potentially harmful objects, compiling contexts of events of execution of the monitored processes and threads, and merging contexts of related processes and threads.

109.     Webroot and OpenText provide different endpoint products for home and business, such as Antivirus, Internet Security, that are parts of the SecureAnywhere product line and Endpoint Protection. These products deliver protection against viruses, spyware, and other online threats for consumers and corporate clients. There are many different technologies implemented in Webroot endpoint products, including Webroot Shields and technologies provided by Webroot Threat Intelligence Platform. *See* https://www.webroot.com/us/en/home/products/compare.

110.     Webroot and OpenText offer Shield technology that constantly monitors activity while the user surfs the Internet and works on a computer, protecting the computer from malware and viruses. Shields run in the background without disrupting the user's work. Webroot security products include different types of Shields. Some of these Shields are needed to track and analyze program behavior and to apply heuristics. *Id.*

111.     "The Webroot Threat Intelligence Platform analyzes more than 500 billion data objects daily, including domains, URLs, IP addresses, file behaviors, and mobile applications. Our intelligence, powered by 6th generation machine learning, is fed by active and passive sensors including more than 95 million consumer and business endpoints. All of this continuously enriches the Webroot Threat Intelligence Platform and allows Webroot to accurately and effectively protect organizations from sophisticated attacks." *See* https://www-cdn.webroot.com/4916/0987/5793/Webroot_Threat_Intelligence_Platform_DS.pdf

112.     Webroot and OpenText have infringed and continue to infringe one or more claims of the '186 patent, literally and/or under the doctrine of equivalents in violation of 35 U.S.C. § 271(a) at least by, without authority, making, using, offering to sell, and/or selling within the United States the '186 Accused Products (defined below).

113.     As illustrated in the claim chart included as Exhibit 6 to these Counterclaims and based upon publicly available information, Webroot and OpenText's Webroot Endpoint products, Webroot Shield technology, and Webroot Threat Intelligence Platform (collectively, "the '186 Accused Products") infringe at least claim 1 of the '186 Patent by meeting literally or under the doctrine of equivalents each limitation of claim 1.  The descriptions in the Exhibit 6 claim chart are preliminary examples and non-limiting.

114.    Kaspersky is informed and believes, and thereon alleges, that Webroot and OpenText directly infringe the '186 patent through their internal usage and testing of the '186 Accused Products.

115.    Kaspersky is informed and believes, and thereon alleges, that Webroot and OpenText actively, knowingly, and intentionally have induced infringement of the '186 patent, by for example, controlling the design and functionality of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding its '186 Accused Products with the knowledge and specific intent to encourage and facilitate infringing uses of such products by its customers.  The claim chart included as Exhibit 6 includes examples of such instructions provided by Webroot and OpenText to its users.

116.    Webroot and OpenText became aware of the '186 patent at least as of the filing date of Kaspersky's Counterclaims on June 28, 2022.

117.    As a result of Webroot and OpenText's infringement of the '186 patent, Kaspersky has been damaged.  Kaspersky is entitled to recover for damages sustained as a result of Webroot and OpenText's wrongful acts in an amount subject to proof at trial.

118.    To the extent 35 U.S.C. § 287 is determined to be applicable, on information and belief its requirements have been satisfied with respect to the '186 Patent.

119.    Webroot and OpenText's infringing acts and practices have caused and are causing irreparable and immediate harm to Kaspersky.

120.     Webroot's and OpenText's infringement of the '186 patent has been knowing and willful since at least the filing of Kaspersky's Counterclaims on June 28, 2022.

## COUNT SIXTEEN – INFRINGEMENT OF U.S. PATENT NO. 8,713,631

121.    Kaspersky incorporates the preceding paragraphs by reference.

122.     U.S. Patent No. 8,713,631 ("the '631 patent," attached hereto as Exhibit 7) duly issued on April 29, 2014 and is entitled "System And Method For Detecting Malicious Code Executed By Virtual Machine."

123.     The '631 patent has been in full force and effect since its issuance.  Kaspersky is the owner by assignment of the '631 patent and possesses all rights under the '631 Patent, including the exclusive right to recover for past and future infringement.

124.     The '631 patent names Mikhail A. Pavlyushchik as its inventor.

125.     The '631 patent "relates generally to information processing and security, and more particularly, to detecting malicious software whose code is executed by a virtual machine."

126.     The '631 patent discloses systems and methods for detecting and preventing software exploits for a virtual machine such as a Java Virtual Machine, Common Language Runtime, and ActionScript Virtual machine. The program instructions of a process virtual machine are augmented to establish an exception monitoring module within the process virtual machine. When the process virtual machine executes a subject set of program instructions, the exception monitoring module detects a security policy violation exception occurring as a result.

127.     Webroot and OpenText provide different endpoint products for home and business, such as Antivirus, Internet Security, that are parts of the SecureAnywhere product line and Endpoint Protection. These products deliver protection against viruses, spyware, and other online threats for consumers and corporate clients. There are many different technologies implemented in Webroot endpoint products, including Webroot Shields and technologies provided by Webroot Threat Intelligence Platform. *See* https://www.webroot.com/us/en/home/products/compare.

128.     Webroot and OpenText offer Shield technology that constantly monitors activity while the user surfs the Internet and works on a computer, protecting the computer from malware and viruses. Shields run in the background without disrupting the user's work. Webroot security products include different types of Shields. Some of these Shields are needed to track and analyze program behavior and to apply heuristics. *Id.*

129.     "The Webroot Threat Intelligence Platform analyzes more than 500 billion data objects daily, including domains, URLs, IP addresses, file behaviors, and mobile applications. Our intelligence, powered by 6th generation machine learning, is fed by active and passive sensors including more than 95 million consumer and business endpoints. All of this continuously enriches the Webroot Threat Intelligence Platform and allows Webroot to accurately and effectively protect organizations from sophisticated attacks." *See* https://www-cdn.webroot.com/4916/0987/5793/Webroot_Threat_Intelligence_Platform_DS.pdf

130.     Webroot and OpenText have infringed and continue to infringe one or more claims of the '631 patent, literally and/or under the doctrine of equivalents in violation of 35 U.S.C. § 271(a) at least by, without authority, making, using, offering to sell, and/or selling within the United States the '631 Accused Products (defined below).

131.     As illustrated in the claim chart included as Exhibit 8 to these Counterclaims and based upon publicly available information, Webroot and OpenText's Webroot Endpoint products, Webroot Shield technology, and Webroot Threat Intelligence Platform (collectively, "the '631 Accused Products") infringe at least claim 1 of the '631 Patent by meeting literally or under the doctrine of equivalents each limitation of claim 1.  The descriptions in the Exhibit 8 claim chart are preliminary examples and non-limiting.

132.    Kaspersky is informed and believes, and thereon alleges, that Webroot and OpenText directly infringe the '631 patent through their internal usage and testing of the '631 Accused Products.

133.    Kaspersky is informed and believes, and thereon alleges, that Webroot and OpenText actively, knowingly, and intentionally have induced infringement of the '631 patent, by for example, controlling the design and functionality of, offering for sale, selling, supplying, and otherwise providing instruction and guidance regarding its '631 Accused Products with the knowledge and specific intent to encourage and facilitate infringing uses of such products by its customers.  The claim chart included as Exhibit 8 includes examples of such instructions provided by Webroot and OpenText to its users.

134.    Webroot and OpenText became aware of the '631 patent at least as of the filing date of Kaspersky's Counterclaims on June 28, 2022.

135.    As a result of Webroot and OpenText's infringement of the '631 patent, Kaspersky has been damaged.  Kaspersky is entitled to recover for damages sustained as a result of Webroot and OpenText's wrongful acts in an amount subject to proof at trial.

136.    Webroot and OpenText's infringing acts and practices have caused and are causing irreparable and immediate harm to Kaspersky.

137.     Webroot's and OpenText's infringement of the '631 patent has been knowing and willful since at least the filing of Kaspersky's Counterclaims on June 28, 2022.

## JURY DEMAND

Kaspersky requests a trial by jury on all issues that may be so tried under United States law.

## PRAYER FOR RELIEF

Kaspersky respectfully requests that the Court enter judgment against Webroot and OpenText, including:

A.      Dismissing with prejudice Webroot and Open Text Inc.'s Complaint in its entirety.

B.      An order declaring that Kaspersky, its customers, and all end-users of Kaspersky's products have not infringed and are not infringing the '250 patent;

C.      An order declaring that each claim of the '250 patent is invalid;

D.      An order declaring that Kaspersky, its customers, and all end-users of Kaspersky's products have not infringed and are not infringing the '389 patent;

E.      An order declaring that each claim of the '389 patent is invalid;

F.      An order declaring that Kaspersky, its customers, and all end-users of Kaspersky's products have not infringed and are not infringing the '045 patent;

G.      An order declaring that each claim of the '045 patent is invalid;

H.      An order declaring that Kaspersky, its customers, and all end-users of Kaspersky's products have not infringed and are not infringing the '224 patent;

I.      An order declaring that each claim of the '224 patent is invalid;

J.      An order declaring that Kaspersky, its customers, and all end-users of Kaspersky's products have not infringed and are not infringing the '591 patent;

K.      An order declaring that each claim of the '591 patent is invalid;

L.      An order declaring that Kaspersky, its customers, and all end-users of Kaspersky's products have not infringed and are not infringing the '844 patent;

M.      An order declaring that each claim of the '844 patent is invalid;

N.      An order that Webroot and OpenText have infringed, and unless enjoined, will continue to infringe the '941 patent;

O.      An order that Webroot and OpenText have willfully infringed the '941 patent;

P.      An order that Webroot and OpenText have infringed, and unless enjoined, will continue to infringe the '106 patent;

Q.      An order that Webroot and OpenText have willfully infringed the '106 patent;

R.      An order that Webroot and OpenText have infringed, and unless enjoined, will continue to infringe the '186 patent;

S.      An order that Webroot and OpenText have willfully infringed the '186 patent;

T.      An order that Webroot and OpenText have infringed, and unless enjoined, will continue to infringe the '631 patent;

U.      An order that Webroot and OpenText have willfully infringed the '631 patent;

V.      An order that Webroot and OpenText pay Kaspersky damages adequate to compensate Kaspersky for Webroot and OpenText's infringement of the '941, '106, '186, and '631 patents, together with interest and costs under 35 U.S.C. § 284.

W.      An order that Webroot and OpenText be ordered to pay prejudgment and post-judgment interest on the damages asserted;

X.      An order that Webroot and OpenText pay Kaspersky enhanced damages pursuant to 35 U.S.C. § 285;

Y.      An order that Webroot and OpenText be ordered to pay supplemental damages to Kaspersky, including interest, with an accounting, as needed;

Z.      An order that Webroot and OpenText be enjoined from infringing the '941, '106, '186, and '631 patents, or if such infringement is not enjoined, that Webroot and OpenText be

ordered to pay ongoing royalties to Kaspersky for any post-judgment infringement of the '941, '106, '186, and '631 patents; and

AA.    An order that Kaspersky be awarded such other and further relief, including equitable relief, as the Court deems just and proper.

AO KASPERSKY LAB,
By its attorneys,

Dated:  ____June 28th, 2022_____       By:  /s/James Travis Underwood_____
                                            James Travis Underwood

                                            Eric H. Chadwick (*pro hac vice pending*)
                                            Minnesota Bar No. 248769
                                            ehc@dewittllp.com
                                            Joseph T. Miotke (*pro hac vice to be filed*)
                                            Wisconsin Bar No. 1033986
                                            jtm@dewittllp.com
                                            DeWitt LLP
                                            2100 AT&T Tower
                                            900 S. Marquette Avenue
                                            Minneapolis, MN 5540
                                            Telephone: (612) 305-1426

                                            Harry "Gil" Gillam, Jr.
                                            Texas Bar No. 07921800
                                            gil@gillamsmithlaw.com
                                            J. Travis Underwood
                                            Texas Bar No. 24102587
                                            travis@gillamsmithlaw.com
                                            Gillam & Smith LLP
                                            303 S. Washington Ave.
                                            Marshall, TX 75670
                                            Telephone: (903) 934-8450
                                            Facsimile: (903) 934-9257

                                            **ATTORNEYS FOR DEFENDANT**
                                            **AO KASPERSKY LAB**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on June 28, 2022.

*/s/James Travis Underwood*
James Travis Underwood
