# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **WEBROOT, INC. and OPEN TEXT, INC.,** <br><br> **Plaintiffs,** <br><br> v. | |
| **AO KASPERSKY LAB,** | W-22-CV-00243-ADA-DTG <br> **(LEAD CASE)** |
| **TREND MICRO, INC.,** | W-22-CV-00239-ADA-DTG |
| **SOPHOS LTD.,** | W-22-CV-00240-ADA-DTG |
| **CROWDSTRIKE, INC. AND CROWDSTRIKE HOLDINGS, INC.,** | W-22-CV-00241-ADA-DTG |
| **FORCEPOINT, LLC,** <br><br> **Defendants.** | W-22-CV-00342-ADA-DTG |

## ORDER

Before the Court is Defendant AO Kaspersky Lab's Motion to Compel an interrogatory response and documents from Plaintiffs OpenText Inc. and Webroot LLC's ("Plaintiffs"). After conducting a hearing on the Motion and after a review of the case file and applicable law, the Court DENIES Defendant's Motion as to Issue One as moot, and DENIES Defendant's Motion as to Issue Two. The parties' respective positions are set forth in Attachment A. Specifically, the Court ORDERS the following:

1) Plaintiffs are to supplement their response to Defendant's Interrogatory No. 1 by November 7, 2023.

1

2)  Defendant's request as to Issue Two is DENIED as it is the Court's practice that, general requests for discovery or documents from another case are not permitted. If a specific interrogatory from another case is placed at issue in the Kaspersky case, AO Kaspersky Lab may raise the production of that specific interrogatory at that time.

SIGNED this __9th__ day of __November__, 2023.

_____
DEREK T. GILLILAND
U.S. MAGISTRATE JUDGE

## ATTACHMENT A

| Issue | Kaspersky's Position | OTI's Position |
|---|---|---|
| Whether Plaintiffs must supplement their response to Interrogatory No. 1 and provide details regarding Plaintiffs' efforts to comply with the marking requirements of 35 U.S.C. § 287? | Plaintiffs (also "OTI") have repeatedly stated that they would supplement their response to AO Kaspersky Lab's ("Kaspersky's") Interrogatory No. 1 with any factual information, if found. But no such supplementation has been made.<br><br>This interrogatory states, "[f]or each of Plaintiffs' Patents, provide details regarding efforts by Plaintiffs and Open Text Corporation to comply with the marking requirements of 35 U.S.C. § 287." Plaintiffs' only substantive response was "[i]nformation related [sic] regarding marking of OpenText products and patents can be found on its website, [URL omitted]." This response did not include any information regarding Plaintiffs' efforts, if any, nor even indicate whether Plaintiffs have a policy for complying with the marking statute.<br><br>Kaspersky first raised this deficient response in a July 17, 2023 letter and again in a September 9, 2023 letter. The parties have repeatedly met and conferred on this matter, but OTI has refused to provide a date certain by which it would supplement this response. Instead, OTI has repeatedly stated that its investigation continues and that it will supplement if new facts are discovered. OTI has now had nearly six (6) months to investigate whether additional responsive facts to this | ***Requested Relief: Deny Kaspersky's request as moot.***<br><br>Kaspersky admits that OTI answered this interrogatory by providing information concerning the marking of its products, including the virtual marking webpage. OTI explained that its investigation is ongoing and that it will supplement its response as additional information is identified. Nevertheless, OTI agreed to supplement this response by November 8 with any additional information that it discovered through further investigation at that time. Therefore, Kaspersky's request is moot.<br><br>Kaspersky does not explain what additional information it seeks—it appears to simply want an Order foreclosing any further investigation. However, if the Court grants Kaspersky's request, OTI respectfully requests that such an order be reciprocal such that Kaspersky must also provide complete substantive answers to all of Plaintiffs' interrogatories or to foreclose Kaspersky from further supplementation, since all of Plaintiffs' interrogatories have been pending for months as well with little to no substantive responses. |

3

| Issue | Kaspersky's Position | OTI's Position |
|---|---|---|
| | interrogatory exist. Efforts to comply with the marking statute is a straightforward request. If OTI has done anything more than put up a website, it must now provide these facts in response to this Interrogatory.<br><br>Relief: Order that "Plaintiffs are compelled to supplement their response to Interrogatory 1 within 7 days by either providing additional factual details regarding Plaintiffs' efforts to comply with the marking requirements of 35 U.S.C. § 287 or confirming that no other factual information exists." | |
| Whether Plaintiffs must produce to Kaspersky redacted copies of Plaintiff's interrogatory responses to the other defendants in this consolidated case? | OTI is obligated under the Federal Rules to serve all discovery materials on every party (including Kaspersky) in this consolidated case pursuant to the Federal Rules (*see* FRCP 5(a)(1)(C)) and the Court's Consolidation Order. Aside from a few deposition notices, OTI has not produced to Kaspersky any interrogatory responses or other discovery materials exchanged with the other defendants in this consolidated matter. OTI's interrogatory responses to other defendants concerning common patents also asserted against Kaspersky are certainly relevant to the claims and defenses in OTI's case against Kaspersky. *Infernal Technology, LLC, et al. v. Microsoft Corp.*, No. 2:18-CV-00144-JRG, Dkt. No. 90 (E.D. Tex. May 3, 2019) (ordering production of discovery materials from prior litigation regarding the same asserted patents because "Plaintiffs' prior litigation positions regarding the same claims asserted in this case are relevant to the claims and defenses in this case."); *see also Epistar Corp. v. Lowe's Co., Inc.*, Case No. 6:20-cv-00420-ADA, Dkt. No. 93 | ***Requested Relief: Deny Kaspersky's request because it failed to adequately meet and confer on its proposal. In the alternative, Kaspersky's request should be denied as a blatant attempt to circumvent the discovery rules, as well as seeking unnecessary, duplicative, and overly burdensome discovery.***<br><br>As an initial matter, Kaspersky failed to meet and confer on its request and is providing new proposals the parties have never met and conferred on. Kaspersky purports to have now narrowed its request. But as explained below, that narrowing is superficial.<br><br>In any event, Kaspersky does not identify a discovery request that these interrogatory responses are responsive to. Instead, it relies on a warped interpretation of FRCP 5(a)(1)(C), which simply states that "each of the following papers must be served on |

| Issue | Kaspersky's Position | OTI's Position |
|---|---|---|
| | (W.D. Tex. April 20, 2022) (ordering that "documents produced in the California litigation which are relevant to this litigation should be reproduced with appropriate production numbers").<br><br>Importantly, Kaspersky is not seeking a blanket reproduction of all documents or discovery materials served in the other consolidated cases. Instead, Kaspersky is only requesting OTI's interrogatory responses relating to patents that are also asserted against Kaspersky. As one example, Kaspersky is entitled under the Federal Rules to see OTI's interrogatory responses to other defendants regarding OTI's efforts to comply with the marking statue for patents also asserted against Kaspersky.<br><br>In an effort to streamline this process and avoid any confidentiality concerns under the Protective Order, Kaspersky requested in an August 31, 2023 letter that OTI redact from its interrogatory responses served on other defendants any information that has been designated as confidential (or higher) by other defendants. Kaspersky likewise requested that OTI do the same for all other discovery materials but here seeks only OTI's interrogatory responses related to common patents.<br><br>During repeated meet and confers on this matter, OTI has stated that Kaspersky should instead obtain these discovery responses from the other defendants. This position suffers from several problems. First, this position ignores OTI's obligations under Rule 5 and places an undue burden on Kaspersky when OTI is already in possession of its interrogatory | every party . . . a discovery paper required to be served on a party, unless the court orders otherwise" to argue that every discovery response OTI has served to *any* Defendant must be provided to *every* Defendant in the consolidated action. This is nonsense. While the case was consolidated for administrative and pre-trial purposes (primarily to increase efficiency and reduce burden), they remain separate litigation—the Defendants are not all parties to the same suit. Therefore, OTI is not required to serve its responses to each Defendants' individual interrogatories on every other Defendant. And the Court's Consolidation Order does not so require. Notably, Kaspersky does not even cite to any part of that Order or explain why it requires OTI to serve discovery responses relevant to one Defendant on all other Defendants. That is because it does not. In fact, even Kaspersky itself does not believe such a requirement exists because it has almost certainly not served *any* of its discovery response to the other Defendants. But under Kaspersky's interpretation, it would have been required to do so since they are all "parties." Such a one-side interpretation makes no sense, is highly improper, and as explained below, is entirely unnecessary.<br><br>In reality, Kaspersky is actually seeking an end-run-around the discovery limits in this case. Specifically, Kaspersky seeks to circumvent the limit of 30 interrogatories per party by serving their own 30 interrogatories and then receiving the benefit of the 120 additional interrogatories the other Defendants served. This is fundamentally |

5

| Issue | Kaspersky's Position | OTI's Position |
|---|---|---|
| | responses served on other defendants. More fundamentally, OTI has made clear that it would object to any efforts by the defendants to share OTI's information among one another. Specifically, on October 5, 2023, counsel for OTI sent an email to all defendants claiming that the Protective Order prevents the defendants from sharing OTI's discovery responses. Put simply: on the one hand, OTI has told Kaspersky to get OTI's interrogatory responses from the other defendants, while on the other hand, OTI has told Kaspersky that it would object to the other defendants sharing such information with Kaspersky. Thus, Kaspersky is left with no other choice but to seek relief from the Court.<br><br>Relief: Order that "Plaintiffs must produce copies of its interrogatory responses addressing common patents also asserted against Kaspersky that have been exchanged between Plaintiffs and any Defendant in this Consolidated Case after redacting any Designated Material by any other defendant within 7 days." | unfair, particularly given that OTI is limited to only 30 interrogatories served on Kaspersky. If there is relevant information Kaspersky seeks, it must use one of its own 30 interrogatories to obtain it. Any other result would incentivize the Defendants to increase the burden on OTI by coordinating in their joint-defense group to serve non-overlapping interrogatories.<br><br>Kaspersky's only example—related to marking—demonstrates the irrelevance of its request. Kaspersky served a marking interrogatory. As noted below, all of the patents asserted against Kaspersky are asserted against all other Defendants. Thus, any relevant information in an interrogatory response to any of the Defendants would be entirely duplicative. What would be the point? And if there are other, non-duplicative interrogatories, then as noted above, Kaspersky either seeks irrelevant information that it did not deem important enough to serve an interrogatory on, or it seeks to circumvent the discovery limits. In either case, it is inappropriate.<br><br>None of Kaspersky's cases are on point because none of them addresses a situation in which unrelated co-pending cases are consolidated for pre-trial purposes to assist with administrative and judicial efficiency. Indeed, none of those Courts were faced with the fundamental unfairness of enabling Defendants to actively coordinate and skirt discovery limits. |

| Issue | Kaspersky's Position | OTI's Position |
|---|---|---|
| | | Kaspersky's new proposal to "limit" its request to "responses relating to patents that are also asserted against Kaspersky" is illusory. There is complete overlap in the patents asserted against Kaspersky across the cases. Specifically, all of the patents asserted against Kaspersky are asserted against at least **four of the five** other Defendants, and five of the patents are asserted against all five Defendants. This is not a meaningful limitation, and Kaspersky knows it.<br><br>Kaspersky then puts the burden on OTI to sift through all of its interrogatory response to identify and then redact out "any information that has been designated as confidential (or higher) by other defendants." This is entirely unnecessary, creates "make work" for OTI, and risks disclosure of Defendants' confidential information to Kaspersky for no reason (not to mention disclosure of OTI's information that is irrelevant to the Kaspersky case).<br><br>It should be noted that OTI does **_not_** believe that Kaspersky should obtain these materials from the other Defendants for the same reasons noted above—*i.e.*, it would be fundamentally unfair, enable the Defendants to circumvent the discovery limits for no purpose, seek either duplicative or irrelevant information, and risks disclosure of confidential information.<br><br>Finally, note that there are counterclaims in this case based on 24 counterclaim patents across the five Defendants, many of which |

7

| Issue | Kaspersky's Position | OTI's Position |
|---|---|---|
| | | implicate OTI products that Kaspersky has not accused. Therefore, OTI's productions are not co-extensive across all the cases. For example, Kaspersky has not accused OTI's email security products of infringement. However, other Defendants have. There is no reason Kaspersky should obtain irrelevant discovery about products it has not accused of infringement. Doing so would amount to nothing more than a fishing expedition, at best. |